UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PAUL BELLAMY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:19-cv-226-TAV-CRW |
| | ) |
| MOUNT VERNON FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's motion for summary judgment [Doc. 16]. As background, plaintiff initiated this action by filing a Petition for Declaratory Judgment in the Chancery Court for Sullivan County [Doc. 1-1 at 2-5]. In this Petition, plaintiff stated that he entered into an insurance contract with defendant, which provided insurance coverage for conditions existing or occurring on the insured premises [*Id*. at 3]. While the policy was in effect, an occurrence took place on the insured premises, and, as a result, a lawsuit alleging negligence was filed against plaintiff in the Circuit Court for Sullivan County [*Id*. at 4]. Plaintiff stated that defendant had not insured him in that lawsuit or provided legal counsel, and Plaintiff sought declaratory relief [*Id*.]. This action for declaratory judgment was later removed to this Court [Doc. 1].

In its motion for summary judgment, defendant contends that the lawsuit against plaintiff resulted from a shooting that occurred at the Hog Wild Saloon in Kingsport, Tennessee, which plaintiff, along with others, owned, managed and/or operated [Doc. 18

at 1-2]. Defendant argues that the relevant insurance policy excludes any loss relating to the use of firearms or from an actual or alleged assault and battery, and thus, the Sullivan County lawsuit stems from uninsured activity [*Id.* at 2-4; 7-15]. Defendant also argues that the policy provides no coverage for bar or nightclub operations [*Id.* at 15-17]. Finally, defendant contends that the policy insures "Paul Bellamy Furniture," a corporation, not "Paul Bellamy," an individual [*Id.* at 17-19].

In response to this motion, plaintiff filed a "Notice of No Opposition to Defendant's Motion for Summary Judgment," in which he stated that "while he does not consent to Defendant's Motion for Summary Judgment (Doc. 16), neither does he oppose it" [Doc. 19]. Plaintiff indicated that he did not intend to file a response to the motion for summary judgment [*Id.*].

Thereafter, on June 12, 2020, the Court issued a show cause order, noting that the failure to respond to a motion may be deemed a waiver to any opposition to the relief sought, and ordering plaintiff to show cause why defendant's motion for summary judgment should not be granted as unopposed [Doc. 20]. The Court warned plaintiff that failure to respond would constitute grounds for the Court to grant the motion for summary judgment or dismiss the case for failure to prosecute [*Id.*]. Nevertheless, plaintiff did not file any response to the show cause order.

"[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x

484, 487 (6th Cir. 2011), *Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006), and *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24-25 (6th Cir. 2003)). Here, plaintiff has done precisely that. He has not only neglected to respond to defendant's motion for summary judgment, but instead, affirmatively stated that he did not oppose the grant of summary judgment in defendant's favor [Doc. 19]. Plaintiff's attempt to qualify his statement that he does not "oppose" the grant of summary judgment by also stating that he does not "consent," is ultimately an oxymoron under Sixth Circuit law. By not opposing defendant's summary judgment motion, and failing to respond on that ground, plaintiff has necessarily consented to the grant of such motion by abandoning his claim. Because the Court finds that plaintiff has abandoned the sole claim of his complaint, defendant's motion for summary judgment [Doc. 16] is **GRANTED**. This case is hereby **DISMISSED**, and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

    IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE